UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| STEVEN ALLEN NELSON, SR., | Civil No. 21-2414 (JRT/DTS) |
| Plaintiff, | |
| v. | **ORDER** |
| SAINT PAUL CITY COUNCIL, RAMSEY COUNTY HEALTH DEPARTMENT, and JEANNA WEIGUM, | |
| Defendants. | |

---

Steven A Nelson, Sr., 2346 Hampden Avenue, St. Paul, MN 55114, *pro se* plaintiff.

This matter comes before the Court on Plaintiff Steven Allen Nelson, Sr.'s (1) Complaint (Nov. 1, 2021, Docket No. 1); and (2) Application to Proceed in District Court Without Prepaying Fees or Costs (IFP Application, Nov. 1, 2021, Docket No. 2). For the following reasons, the Court will dismiss this action for lack of jurisdiction and will deny the IFP Application as moot.

Nelson is a resident of St. Paul, Minnesota. (*See* Complaint ¶ 1(a), Nov. 1, 2021, Docket No. 1.) This action names three Defendants: the St. Paul City Council; the Ramsey County Health Department; and Jeanna Weigum, whom Nelson identifies as the president of the Association for Nonsmokers. (*See id.* ¶ 2.) As the Court understands the Complaint,

Nelson contends that certain conduct by Defendants involving menthol cigarettes are inappropriate. (*See, e.g.*, *id.* ¶ 7.)

The Court need not address the Complaint on the merits at this time,[1] for at present the Court appears to lack jurisdiction. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)); *see also, e.g.*, *Thomas v. United Steelworkers Loc. 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) (making same point (citing cases)).

---

[1] To be clear, the Court has serious doubts about the merits of this suit. The Complaint presents two paragraphs of substantive allegations. The first reads as follows:

> Discrimination and Prejudice of Menthol Cigarettes vs Regular Cigarettes when both are Hazardous, Taking away Menthols and Keeping Regular Cigarettes in Store Raise pricing False Advertisement.

(*See* Compl. 3, Nov. 1, 2021, Docket No. 1 (capitalization and typographical errors in original).)
The second provides (somewhat) more detail:

> Facts: AFRICAN Americans and People of Color are Targeted for Menthol Cigarettes by taken out of Certain Stores. Yet Marlboro's Cigarette is Staying in Stores. African American dont have there license or Any stores owned. Only White and Foreigners does. Using Newports as a insult to People of Color. Abuse of Advertisement on TV. Sending people far away to get Menthol cigarettes, City Council of Saint Paul is all Females and no African American to Represent us. Department of Health say and agree Menthol cigarettes is unhealthy yet Marlboro's are Healthy and sold everywhere. City Council agree to take away Coupons and Raise prices. How? I was on TV, Oct. 6, 2021, Expressing my Concern and disagreement.

(*See id.* ¶ 7 (same).) The Court need not—so will not—make any findings as to whether these allegations are frivolous or fail to state a claim for which this Court can grant relief. But the Court will observe that, given these allegations, the Complaint would likely be substantively deficient even if this Court had jurisdiction here.

Under Rule 8 of the Federal Rules of Civil Procedure, a "pleading that states a claim for relief," such as the Complaint here, "must contain . . . a short and plain statement of the grounds for the court's jurisdiction."  The Complaint states that this court has subject-matter jurisdiction based on both the federal courts' federal-question jurisdiction under 28 U.S.C. § 1331 and their diversity jurisdiction under 28 U.S.C. § 1332.  (*See* Complaint ¶ 3, Nov. 1, 2021, Docket No. 1.)  The Court disagrees on both counts.

The Court will consider diversity jurisdiction first.  Under § 1332(a)(1), as relevant here, federal district courts have jurisdiction over certain civil actions "between . . . citizens of different states."  Courts interpret this statute to require "complete diversity": for diversity jurisdiction to exist, each defendant must be a citizen of a different state from each plaintiff.  *See, e.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citing *Kroger*).

The Complaint states that Nelson is a Minnesota citizen, and that Defendants are all Minnesota citizens as well.  (*See* Complaint ¶¶ 3, 5, Nov. 1, 2021, Docket No. 1.)  Complete diversity thus does not exist here, so this Court lacks diversity jurisdiction over this action.[2]

This leaves federal-question jurisdiction under 28 U.S.C. § 1331.  Section 1331 states that district courts have jurisdiction over "civil actions arising under the

---

[2] To be sure, § 1332(a) provides for diversity jurisdiction in other situations, but none of those provisions apply here.  *See* 28 U.S.C. § 1332(a)(2)–(4).

3

Constitution, laws, or treaties of the United States."  The U.S. Court of Appeals for the Eighth Circuit has elaborated on this standard as follows:

> "[T]he question whether a claim 'arises under' federal law must be determined by reference to the 'well-pleaded complaint.'"  The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  "Federal question jurisdiction exists if the well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."

*Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (citations omitted); *see also, e.g.*, *Wullschleger v. Royal Canin U.S.A., Inc.*, 953 F.3d 519, 521 (8th Cir. 2020) (making similar points (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

Specifically asked what "Federal Constitutional, statutory or treaty right" is at issue in the Complaint, Nelson points to 28 U.S.C. §§ 1331 and § 1332.  (*See* Complaint ¶ 4, Nov. 1, 2021, Docket No. 1.)  But as the discussion above indicates, these are simply jurisdictional provisions; they do not ground any substantive causes of action.  *See generally* 28 U.S.C. §§ 1331, 1332 (containing no discussions of substantive causes of action).  This action thus cannot "arise under" § 1331 or § 1332.

The Court is aware that Nelson is a *pro se* litigant, and the Court is thus obligated to construe his pleading liberally.  *See, e.g., Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing cases).

4

But even after review of the Complaint, it is unclear what federal law would govern his suit. Nelson apparently wants to challenge certain conduct—by public officials as well as a private actor—based on their alleged conduct related to menthol cigarettes. But he does not directly invoke any applicable federal law or constitutional provision, and it is not at all obvious to the Court how this matter arises under any "Constitution, laws, or treaties of the United States." The Court therefore cannot conclude that federal-question jurisdiction exists here.

In summary, Nelson asserts that this Court has jurisdiction over this action based on diversity jurisdiction and federal-question jurisdiction. The Court, however, disagrees with both claims. The Court will thus dismiss this action without prejudice for lack of jurisdiction. Given this outcome, the Court will also deny the IFP Application as moot.

**ORDER**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1. This action is **DISMISSED** without prejudice for lack of jurisdiction.

2. Plaintiff Steven Allen Nelson, Sr.'s Application to Proceed in District Court Without Prepaying Fees or Costs (Docket No. 2) is **DENIED** as moot.

Dated: November 29, 2021                        \_\_\_\_\_s/John R. Tunheim\_\_\_\_
at Minneapolis, Minnesota.                          JOHN R. TUNHEIM
                                                        Chief Judge
                                 United States District Court